JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THE FORM.)*

## I. (a) PLAINTIFFS

MARYLAND CASUALTY COMPANY AND ASSURANCE COMPANY OF AMERICA

## DEFENDANTS

COMBINED INSURANCE GROUP, LTD

**(b)** County of Residence of First Listed Plaintiff  COOK COUNTY, ILLINOIS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  MONTGOMERY, PENNSYLVANIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's *(Firm Name, Address, and Telephone Number)*

LAWRENCE J. BISTANY, JOSHUA A. MOONEY, CRAIG H. O'NEILL
215-864-7000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1. U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2. U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdiction statutes unless diversity)*:
28 USC §§ 1332; 28 USC § 2201
Brief description of cause:
INSURANCE COVERAGE DECLARATORY JUDGMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
10/26/12

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

10135232v.1

JS 44 Reverse  (Rev. 09/11)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.      (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

      **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

      **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.      Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.      Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.      Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**      Example:      U.S. Civil Statute: 47 USC 553
                                      Brief Description: Unauthorized reception of cable service

**VII.      Requested in Complaint. Class Action.** Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.      Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MARYLAND CASUALTY COMPANY AND ASSURANCE COMPANY OF AMERICA | : : : | CIVIL ACTION |
| v. | : : | |
| COMBINED INSURANCE GROUP, LTD | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.  ( )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks.  (X)

| | | |
|---|---|---|
| 10/26/12 | JOSHUA A. MOONEY | PLAINTIFFS |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 1-215-864-6306 | 1-215-789-7506 | MOONEYJ@WHITEANDWILLIAMS.COM |
| **Telephone** | **Fax Number** | **E-mail Address** |

10135061v.1

### Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   ZURICH TOWERS, 1400 AMERICAN LANE, SCHAUMBURG, IL  60196

Address of Defendant:   618 SOUTH BROAD STREET, LANSDALE, PA  19446

Place of Accident, Incident or Transaction:   PENNSYLVANIA
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).   Yes ☐   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☐

*RELATED CASE IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Security Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (please specify)

B. *Diversity Jurisdiction Cases:*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All Other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, JOSHUA A. MOONEY, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE:   10/26/12   *Joshua A Mooney*   85945
Attorney-at-Law   Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   10/26/12   _____   85945
Attorney-at-Law   Attorney I.D. #

CIV. 609 (6/08)

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | |
|---|---|
| MARYLAND CASUALTY COMPANY AND ASSURANCE COMPANY OF AMERICA | ) ) ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| COMBINED INSURANCE GROUP, LTD | ) ) ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   COMBINED INSURANCE GROUP, LTD
618 SOUTH BROAD STREET
LANSDALE, PA  19446-5200

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   LAWRENCE J. BISTANY, ESQUIRE
JOSHUA A. MOONEY, ESQUIRE
CRAIG O'NEILL, ESQUIRE
WHITE AND WILLIAMS, LLP
1650 MARKET STREET, SUITE 1800
PHILADELPHIA PA  19102

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


.

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MARYLAND CASUALTY COMPANY and ) 
ASSURANCE COMPANY OF AMERICA, )
                                             )
                    Plaintiffs, )
                                             )
           vs. )       Case No. _____
                                             )
COMBINED INSURANCE GROUP, LTD., )
                                           )
                    Defendant. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, Maryland Casualty Company ("Maryland Casualty") and Assurance Company of America ("Assurance") (collectively "Plaintiffs" or "Insurers"), by their undersigned attorneys, file this Complaint for Declaratory Judgment against Combined Insurance Group, Ltd. ("CIG"), and in support thereof allege as follows:

### Nature of the Action

1.      Plaintiffs bring this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, et seq., and Rule 57 of the Federal Rules of Civil Procedure, seeking a declaration that the damages sought, or which might have been obtained, in the lawsuit entitled *The Siding and Insulation Co. f/k/a The Aluminum Siding & Insulating Co., Inc. v. Combined Insurance Group, Ltd.,* Case No. 11-cv-01062, United States District Court for the Northern District of Ohio (the "Underlying Lawsuit"), are not covered under insurance policies issued by the Insurers. The Insurers seek a declaration that no coverage is available, and that the Insurers have no obligation to defend or indemnify CIG, in connection with the claims asserted against CIG in the Underlying Lawsuit.

2.      Jurisdiction over this matter is based on diversity of citizenship among the parties and is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.  Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.  CIG is a resides in this district and the insurance policies that are subject to this action were delivered to CIG in this district.

## The Parties

3.      Assurance is a New York corporation engaged in the insurance business with its principal place of business located in Illinois.

4.      Maryland Casualty is a Maryland corporation engaged in the insurance business with its principal place of business located in Illinois.

5.      On information and belief, CIG is a Pennsylvania company, with its principal place of business located at 618 South Broad Street in Lansdale, Pennsylvania.

## The Policies

6.      Maryland Casualty issued to CIG a Precision Portfolio Policy, policy number PAS 34903550, effective from May 7, 2003 (the "2003 Policy").  (A true and correct copy of the 2003 Policy is attached hereto as Exhibit A.)

7.      The Precision Policy was converted from a term policy with an effective date and an expiration date to a continuous policy that would automatically renew on each policy anniversary date unless cancelled or not renewed.  The policy states as follows:

> Your policy has been converted from a term policy with an effective date and an expiration date to a continuous policy that will automatically renew on each policy anniversary date unless cancelled or nonrenewed.
>
> Therefore, your policy will be deemed to expire annually on the anniversary of its inception.  We may non-renew the policy effective upon any anniversary date of policy inception subject to any notification requirements imposed by law. We may condition the continuance of coverage beyond any anniversary date of policy inception upon increase in

premium, change in limits, change in type of coverage, elimination, reduction or restriction of coverage or increased deductible subject to any notification requirements imposed by law.

If we have not issued notice of nonrenewal effective upon an anniversary date of policy inception, the policy will renew automatically without any lapse in coverage provided timely payment of premium is received.  If we condition the continuation of coverage as described above beyond an anniversary of policy inception and you accept the condition(s) by timely payment of premium, the policy will renew automatically without any lapse in coverage.

8.      On May 7, 2005, Assurance issued a renewal policy with the same policy number, PAS 34903550 (the "2005 Policy").  (A true and correct copy of the 2005 Policy is attached hereto as Exhibit B.)  Assurance also issued a Precision Pre-Renewal Form.  (A true and correct copy of the Precision Pre-Renewal Form is attached hereto as Exhibit C.)

9.      On May 7, 2006, Maryland Casualty issued a renewal policy, also with the same policy number—PAS 34903550 (the "2006 Policy").  (A true and correct copy of the 2006 Policy is attached hereto as Exhibit D.)  The 2005 and 2006 Policies are collectively referred to herein as the "Policies."

10.     The Policies are each subject to limits in the CGL coverage part of $1 million Each Occurrence, $1 million Personal and Advertising Injury, and $2 million General Aggregate.

### CGL Coverage A - Bodily Injury and Property Damage Liability

11.     The Policies provide general liability coverage for "bodily injury" and "property damage" pursuant to the following insuring agreement:

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.      Insuring Agreement

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" and "property damage" to which this insurance applies.  We will have the right and

3

duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" and "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

\*       \*       \*

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" . . . and

(2)    The "bodily injury" or "property damage" occurs during the policy period.

12.    The Policies contain the following pertinent definitions applicable to Coverage A:

- "Bodily injury" means bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease.

\*       \*       \*

- "Occurrence" means accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*       \*       \*

- "Property damage" means, in part:

a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

4

13.    The Policies also include the following exclusion applicable to Coverage A:

This insurance does not apply to:

    b.    Expected or Intended Injury

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured . . . .

### CGL Coverage B - Personal and Advertising Injury Liability

14.    The Policies provide liability coverage for "personal and advertising injury" under Coverage B, pursuant to the following insuring agreement:

    1.    Insuring Agreement

        a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or 'suit' that may result. But:

            (1)    The amount we will pay for damages is limited as Described in Section III – Limits Of Insurance; and

            (2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

        b.    This insurance applies to 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period.

15.    The Policies define "Personal and Advertising Injury" as follows:

- 'Personal and advertising injury' means injury, including consequential 'bodily injury', arising out of one or more of the following offenses:

  \*       \*       \*

e.    Publication, in any manner, of material that violates a person's right of privacy; …

16.    The Policies also contain the following exclusion applicable to Coverage B:

This insurance does not apply to:

"Personal and advertising injury":

Caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

\*       \*       \*

Arising out of publication of material, if done by or at the direction of the insured with knowledge of its falsity;

\*       \*       \*

Arising out of publication of material whose first publication took place before the beginning of the policy period; …

17.    The 2005 Policy and 2006 Policy each incorporates Endorsement U-GL-1198-ACW, applicable to both Coverages A and B, entitled "Violation Of Communication Or Information Law Exclusion." The endorsement provides as follows:

This endorsement modifies insurance provided under the following:

Commercial General Liability Coverage Part

The following exclusion is added to paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability and Coverage B – Personal and Advertising Injury Liability:

2.    Exclusions

6

This insurance does not apply to:

Violation of Communication or Information Law

"Bodily injury", "property damage" or "personal and advertising injury" resulting from or arising out of any actual or alleged violation of:

A.    the federal Telephone Consumer Protection Act (47 U.S.C. § 227), Drivers Privacy Protection Act (18 U.S.C. § 2721-2725) or controlling the Assault of Non-Solicited Pornography and Marketing Act (15 U.S.C. § 7701, et. seq.); or

B.    any other federal, state or local statute, regulation or ordinance that imposes liability for the:

   (1)    Unlawful use of telephone, electronic mail, internet, computer, facsimile machine or other communication or transmission device; or

   (2)    Unlawful use, collection, dissemination, disclosure or re-disclosure of personal information in any manner

by any insured or on behalf of any insured.

18.    The Policies also contain the following conditions applicable to the Commercial General Liability coverage part:

**2.    Duties In The Event Of Occurrence, Offense, Claim Or Suit**

   a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim.  To the extent possible, notice should include:

   (1)    How, when and where the "occurrence" or "offense" took place;

   (2)    The names and addresses of any injured persons and witnesses;

   (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

7

b.     If a claim is made or "suit" is brought against any insured, you must:

(1)     Immediately record the specifics of the claim or "suit" and the date received; and

(2)     Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.     You and any other involved insured must:

(1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2)     Authorize us to obtain records and other information;

(3)     Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4)     Assist us, upon our request, in the enforcement of any rights against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.     No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent. …

**The Underlying Lawsuit**

19.     On or about May 24, 2011, The Siding and Insulating Co. f/k/a The Aluminum Siding & Insulation Co., Inc. (the "TCPA Plaintiff") filed a pleading styled Class Action Complaint in the United States District Court for the Northern District of Ohio, entitled *The Siding and Insulation Co. f/k/a The Aluminum Siding & Insulation Co., Inc. v. Combined Insurance Group, Ltd.,* Case No. 11-cv-01062 (the "Underlying Complaint" in the Underlying Lawsuit). (A true and correct copy of the Underlying Complaint is attached as Exhibit E.)

20.     The Underlying Complaint asserts two putative claims, each of which is premised on the allegation that the TPCA Plaintiff and other members of the class (allegedly consisting of

8

over 39 other recipients) each received one specific unsolicited fax advertisement, on April 17,

2006 or April 18, 2006, transmitted by or on behalf of CIG, in violation of the Telephone

Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and state law.

21.     Count I of the Underlying Complaint seeks to recover for alleged violations of the

TCPA.  According to the Underlying Complaint and Count I:

     a.     Certification of a class action of "[a]ll persons who were successfully sent one or more faxes on April 17, 2006 or April 18, 2006, about an 'Ohio grand opening' for InsureDirect.com stating, 'We insure everybody … regardless of driving record!' and offering to 'quote all 30 companies with one call" is warranted under Fed. R. Civ. P. 23 et seq. (Underlying Complaint, ¶¶ 19-25.)

     b.     CIG "created or made [the alleged unsolicited fax] which [CIG] knew or should have known is a good or product which [CIG] intended to and did in fact distribute to [TCPA Plaintiff] and other members of the class." (Underlying Complaint, ¶ 11.)

     c.     The alleged unsolicited faxes were transmitted in violation of the TCPA because, inter alia, CIG "knew or should have known that a) the [TCPA Plaintiff] and the other class members had not given express invitation or permission for [CIG] or anybody else to fax advertisements about [CIG's] goods or services; b) that the [TCPA Plaintiff] and the other class members did not have an established business relationship; c) that [the fax at issue] is an advertisement; and d) that the opt out notice did not comply with 64 C.F.R. 1200." (Underlying Complaint, ¶ 30.)

     c.     By sending unsolicited fax advertisements, CIG "caused the recipients to lose paper and toner consumed in the printing of [CIG's] faxes" and "[CIG's] faxes cost the [TCPA Plaintiff] time, as the [TCPA Plaintiff] and their employees wasted their time receiving, reviewing and routing [CIG's] illegal faxes." (Underlying Complaint, ¶ 31.)

     d.     In addition, CIG's faxes also allegedly "interrupted the [TCPAPlaintiff's] and other class members' privacy interests in being left alone." (Underlying Complaint, ¶ 31.)

22.     Count I seeks: a) a judgment or decree that the case may be maintained as a class

action; b) an award of "actual money loss from such violations [of the TCPA] or the sum of five

hundred dollars ($500.00) for each violation, whichever is greater"; c) entry of a permanent

10131829v.1

injunction; and d) an award of "costs and such further relief as the Court may deem just and proper."

23.     Count II is titled "Conversion."  According to Count II:

a.      Certification of a class of "[a]ll persons who on or after June 24, 2005 were sent telephone facsimile messages by or on behalf of [CIG]" is warranted under Fed. R. Civ. P. 23 <u>et seq.</u> (Underlying Complaint, ¶¶ 34-37.)

b.      By sending unsolicited fax advertisements, CIG "improperly converted" the TCPA Plaintiff's and the other class members' fax machines, toner and paper to its own use and "converted" Plaintiff's employees' time to CIG's own use. (Underlying Complaint, ¶ 38.)

c.      By sending unsolicited fax advertisements, CIG "permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use."  (Underlying Complaint, ¶ 40.)

d.      CIG "knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization." (Underlying Complaint, ¶ 41.)

24.     Count II seeks: a) a judgment or decree that the case may be maintained as a class action; b) an award of "appropriate damages"; c) an award of "costs of suit"; and d) an award of "such further relief as the Court may deem just and proper, but in any event, not more than $75,000 to any individual class member."

25.     By letter dated October 10, 2012, the claimants notified the Insurers of the Underlying Lawsuit.  Upon information and belief, at the time the Insurers were notified, a class already had been certified and a class notice had been sent out.

**<u>Dispute of the Parties</u>**

26.     The damages alleged in the Underlying Lawsuit do not satisfy the insuring agreements for either Coverage A or Coverage B of the Policies.

27.     The Underlying Lawsuit does not allege "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined by the Policies.

10131829v.1

28.     The Underlying Lawsuit does not allege "personal and advertising injury," as defined by the Policies.

29.     In any event, defense and indemnity coverage for the allegations in the Underlying Lawsuit are precluded by coverage exclusions in the Policies and/or by applicable law.

30.     CIG also has breached preconditions and duties owed under the Policies, thereby forfeiting coverage thereunder.

31.     A real and judiciable dispute exists between the Parties as to the defense and indemnity obligations (if any) of the Insurers to CIG under the Policies.

**COUNT I**
**REQUEST FOR DECLARATORY RELIEF**
**(That the Insurers Have No Duty to Defend)**

32.     The Insurers restate and incorporate each of the foregoing allegations as if fully set forth at length herein.

33.     Under the terms, conditions, and exclusions of Policies, the Insurers have no duty to defend CIG in connection with the Underlying Lawsuit.

34.     As detailed above, a real and judiciable controversy exists between the Parties regarding their rights and liabilities under the Policies.

35.     The Insurers are entitled to declaratory relief that it has no duty to defend CIG in connection with the Underlying Lawsuit.

WHEREFORE, Plaintiffs Maryland Casualty Company and Assurance Company of America demand judgment in their favor and against Defendant Combined Insurance Group Ltd. as follows:

10131829v.1

      a.      A declaration that Maryland Casualty Company and Assurance Company of America do not owe a defense to Combined Insurance Group, Ltd. under the Policies and in connection with the Underlying Lawsuit;

      b.      In the alternative, should the Court determine that there is a duty to defend Combined Insurance Group, Ltd., a declaration of the respective rights and obligations of the parties under the Policies and a determination of the respective rights and obligations (if any) of Maryland Casualty Company and Assurance Company of America in seeking and obtaining reimbursement from Combined Insurance Group, Ltd. of any fees, costs and/or settlements incurred which are not related to the defense or settlement of a potentially covered claim, to the extent such uncovered fees, costs and/or settlement are incurred; and

      d.      Grant of all other relief that this Court deems just and proper.

**COUNT II**
**REQUEST FOR DECLARATORY RELIEF**
**<ins>(That the Insurers Have No Duty to Indemnify)</ins>**

36.      The Insurers restate and incorporate each of the foregoing allegations as if fully set forth at length herein.

37.      Under the terms, conditions, and exclusions of the Policies, the Insurers have no obligation to provide liability coverage to CIG in connection with the Underlying Lawsuit.

38.      As detailed above, a real and judiciable controversy exists between the Parties regarding their rights and liabilities under the Policies.

39.      The Insurers are entitled to declaratory relief that it has no duty to provide CIG liability coverage in connection with the Underlying Lawsuit.

12

WHEREFORE, Plaintiffs Maryland Casualty Company and Assurance Company of America demand judgment in their favor and against Defendant Combined Insurance Group Ltd. as follows:

      a.      A declaration that Maryland Casualty Company and Assurance Company of America do not owe liability coverage to Combined Insurance Group, Ltd. under the Policies and in connection with the Underlying Lawsuit;

      b.      In the alternative, should the Court determine that Maryland Casualty Company and Assurance Company of America have a duty to provide liability coverage to Combined Insurance Group, a declaration of the respective rights and obligations of the Parties under the Policies and a determination of the respective rights and obligations (if any) of Maryland Casualty Company and Assurance Company of America in seeking and obtaining reimbursement from Combined Insurance Group Ltd. of any fees, costs and/or settlements incurred that are not related to the defense or settlement of a covered claim, to the extent such uncovered fees, costs and/or settlement are incurred; and

      c.      Grant of all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated this 26th day of October 2012.

By: _____

Lawrence J. Bistany
Joshua A. Mooney
Craig H. O'Neill
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
215/864-7000
215/864-7123 (fax)

13

10131829v.1

*Attorneys for Plaintiffs Maryland Casualty*
*Company and Assurance Company of America*

14